IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MOLLY LOU BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-005 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"). The Magistrate Judge rejected a bevy of claims, ranging from the ALJ's alleged failure to consider certain impairments to his failure to find Plaintiff disabled for a closed twelve-month period. (See doc. no. 21.) Plaintiff, through her objections, now takes issue with the Magistrate Judge's resolution of her seventh ground of error alleging the ALJ incorrectly rejected the state consultants' RFC assessment of light work, and failed to support his RFC determination of medium work with an RFC assessed by a physician. (Doc. no. 22, pp. 2-12.) Plaintiff also alleges, for the first time, that the ALJ erred in not assigning a specific weight to the examination of Dr. Fredrick House, a consultative examiner. (Id. at 12.)

The ALJ found that Plaintiff could perform medium work as defined in 20 C.F.R. 404.1567(c)[1] except that she could frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently balance and stoop, never kneel, crouch, or crawl, and avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. R. at 487. As the R&R explained, the formulation of Plaintiff's RFC by the ALJ involved an extensive review of thousands of pages of medical records, a credibility determination supported by citations to the record, and consideration of Plaintiff's condition as a whole. (Doc. no. 21, pp. 6-7.) The Magistrate Judge also noted the ALJ's reliance on an examination by Dr. House finding normal range of motion in all joints and normal strength in all extremities. (Id.) The ALJ remarked that these findings were "benign." R. at 491. Further, the R&R found the ALJ properly discredited the opinions of state consultants Dr. Abraham Oyewo and Dr. Ramona Minnis due to their failure to take into account Plaintiff's sustained remission of TTP, a serious hematological condition requiring plasma therapy. (Doc. no. 21, p. 23.)

A confusing current underlying this case is that a vast amount of the medical record was submitted after the ALJ hearing on October 30, 2012. R. at 496-498. Thus, when they made their assessments, neither Dr. House nor the two state consultants were in possession of medical records spanning from December 2010 to October 2012, a period in which Plaintiff's TTP was noted to be in sustained hematological remission. See R. at 491. In rejecting the state consultants' opinion, the ALJ pointed out that they did not have this

---

[1] As defined in 20 C.F.R. § 404.1567, medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

2

evidence. R. at 491. Because the state consultants did not examine Plaintiff, as did Dr. House, and based their findings on an incomplete medical record not showing Plaintiff's remission, the ALJ appropriately assigned less weight to their opinions. Plaintiff contends that Dr. Oyewo did have evidence that Plaintiff was in remission at the time he made his initial assessment, with records from February 2010 noting remission, but Plaintiff relapsed only five months after this evaluation.[2] R. at 2193. Thus, Dr. Oyewo's opinion, based on a few months of remission and an out-of-date medical record, was properly given less weight where the evidence before the ALJ showed more than two years of remission and a largely normal physical examination by Dr. House.

Plaintiff also argues that Dr. Minnis' report takes into account Dr. House's evaluation and thus the ALJ cannot support his given RFC with Dr. House's evaluation. This argument violates the cardinal rule, absent good cause, that the opinions of evaluating physicians like Dr. House are to be accorded more weight than conflicting opinions by state consultants like Dr. Minnis. Davison v. Astrue, 370 F. App'x 995, 996 (11th Cir. 2010). In addition, the ALJ's RFC assessment was based on a comprehensive review of the evidence including the extensive medical record, Plaintiff's testimony, Dr. House's examination, the RFCs provided by the state consultants, and the ALJ's credibility determination. It is Plaintiff's burden to prove disability and introduce evidence that demonstrates she can only perform light work as

---

[2] Plaintiff's argument oddly relies on the fact that Dr. Oyewo's assessment was based on an incomplete medical record because he did not have the evidence of relapse even though his assessment was made on August 24, 2010, a time when Plaintiff was receiving regular plasmapheresis treatments. See R. at 981.

3

asserted, not the ALJ's. Green v. Soc. Sec. Admin., 223 F. App'x 915, 923 (11th Cir. 2007 ("Dr. Bryant's evaluation, however, was the only evidence that Green produced, other than her own testimony, that refuted the conclusion that she could perform light work.") Further, as noted above, Dr. Minnis did not have the evidence of Plaintiff's sustained remission, and thus, the opinion was appropriately discounted.

As a second contention against the RFC, Plaintiff argues it is not supported by substantial evidence because there is not an expert-assessed RFC directly supporting it. In making this argument, Plaintiff contends the Eleventh Circuit has adopted a First Circuit standard from Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996), requiring a medical source statement or physical capacities evaluation directly supporting the RFC in cases involving more than a mild physical impairment. (Doc. no. 22, pp. 4-8.) Thus, according to Plaintiff, the formulated RFC is inadequate because the ALJ discounted the only two RFCs assessed by medical experts. Plaintiff also argues that, because Dr. House did not perform a physical capacities evaluation but only a physical exam, his findings cannot form the basis of an RFC supported by substantial evidence.

The Eleventh Circuit's non-binding opinion in Castle v. Colvin, 557 F. App'x 849, 851 (11th Cir. 2014) does not adopt a First Circuit standard and make it the law of this Circuit as suggested by Plaintiff. Castle addressed a decision from the Northern District of Alabama, a district heavily cited by Plaintiff and which routinely applies this First Circuit standard. See e.g., Stewart v. Michael J. Astrue, No. 5:11-CV-2103-VEH, 2012 WL 1745618, at *5 (N.D. Ala. May 14, 2012). The Eleventh Circuit in Castle noted that "the

pertinent regulations state that the ALJ has the responsibility for determining a claimant's RFC." 557 F. App'x at 853. In addressing the First Circuit law that the lower court applied, the Eleventh Circuit held that it was error for the district court to remand for a consultative evaluation in a case that involved minimal impairment, finding that Manso–Pizarro had been applied incorrectly. Castle, 557 F. App'x at 853. In contrast to Plaintiff's contention, Castle did not hold that Manso-Pizarro is binding, only that the lower court applied it incorrectly. And in contrast to Castle, a consultative examination actually occurred here by Dr. House and in fact, lends support to the ALJ's decision.

The Eleventh Circuit's decision in Green, 223 F. App'x at 923, also contradicts any assertion that First Circuit law applies because it involved a case where the only physician-assessed RFC was discredited by the ALJ. The Eleventh Circuit upheld the decision by the ALJ because the ALJ must determine a claimant's RFC and it is the claimant's burden to prove disability through step four. Id.

Even if Manso-Pizarro were binding law, it does not support Plaintiff's contentions. 76 F.3d at 17. Manso-Pizarro involved a case with no analysis of the claimant's functional capacity by an expert. Id. Manso-Pizarro did not touch on the ability of an ALJ to give less weight to a functional capacity assessment by an expert when it is not supported by the record, and fashion a more appropriate RFC, the determination of which is left to the ALJ by the Commissioner's regulations. See 20 C.F.R. § 404.1527(d)(2). The ALJ here had the benefit of an RFC assessed by two state medical consultants and objective findings from a

5

consultative examiner. The dearth of evidence present in Manso-Pizarro does not exist here because of Dr. House's examination and the opinions of the two state consultants.

Plaintiff also argues that the RFC is based on conjecture because the ALJ could not have known how the medical experts would have assessed the information concerning remission. (Doc. no. 22, p. 11.) Thus, Plaintiff contends the ALJ should have requested more evidence from the medical experts with the benefit of the information concerning Plaintiff's remission. (Id.) Plaintiff's argument is in error because it places the burden upon the ALJ to prove Plaintiff is not disabled through step three. See Green., 223 F. App'x at 923. If Plaintiff wanted evidence showing she was capable of only performing light work supported by all of the medical evidence, she could have obtained medical source statements and submitted them. Further, Plaintiff was represented by counsel so this is not a case where the ALJ has a special duty to develop a full and fair record. Here, the ALJ assessed all of the evidence, including the expert opinions, and found it only supported an RFC for medium work. This conclusion was supported by substantial evidence.

Finally, Plaintiff argues, for the first time, that the ALJ erred in not assigning any specific weight to Dr. House's examination. It falls within the Court's discretion to consider arguments raised within objections for the first time. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). However, this argument is without merit. Any such error by the ALJ was harmless because it is abundantly clear that significant weight was assigned to Dr. House's opinion while the state consultants were given less weight. See R. at 490-91; Caldwell v. Barnhart, 261 F. App'x 188, 191 (11th Cir. 2008) (applying harmless error to

ALJ's failure to specify weight). Dr. House's examination was largely normal, and the ALJ stated it supported a finding Plaintiff retained the capacity to perform substantial work. R. at 491. This is congruent with the ALJ's ultimate conclusion Plaintiff could perform medium work and was not disabled. Accordingly, Plaintiff' contention that the ALJ erred in assigning any particular weight to Dr. House's opinion does not provide a basis for remand.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's motion for oral argument (doc. no. 23), **AFFIRMS** the Acting Commissioner's final decision, **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of the Acting Commissioner.

SO ORDERED this 16th day of March, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA